UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID MATHIS | CIVIL ACTION |
| VERSUS | |
| BURL CAIN, WARDEN, ET AL. | NO. 00-0940-DLD |

CONSOLIDATED WITH

| | |
|---|---|
| JEFFERY C. CLARK, ET AL. | CIVIL ACTION |
| VERSUS | |
| THE STATE OF LOUISIANA, ET AL. | NO. 00-0956-JJB-DLD |

CONSOLIDATED WITH

| | |
|---|---|
| NORMAN BROWN, ET AL. | CIVIL ACTION |
| VERSUS | |
| SECRETARY RICHARD STALDER, ET AL. | NO. 00-0957-JJB-DLD |

CONSOLIDATED WITH

| | |
|---|---|
| DONALD WILLIAMSON | CIVIL ACTION |
| VERSUS | |
| SECRETARY RICHARD STALDER, ET AL. | NO. 00-0959-DLD |

CONSOLIDATED WITH

| | |
|---|---|
| DAVID BROWN | CIVIL ACTION |
| VERSUS | |
| RICHARD STALDER, ET AL. | NO. 01-0006-DLD |

CONSOLIDATED WITH

| | |
|---|---|
| ROBERT G. CARLEY | CIVIL ACTION |
| VERSUS | |
| RICHARD STALDER, ET AL. | NO. 01-0007-DLD |

CONSOLIDATED WITH

| | |
|---|---|
| BARRY S. EDGE | CIVIL ACTION |
| VERSUS | |
| RICHARD STALDER, ET AL. | NO. 01-0009-DLD |

O R D E R

This matter comes before the Court on the Motion of plaintiff David Brown in Civil Action No. 01-0006-JJB-DLD to lift the stay which was previously entered in these proceedings relative to his individual claims.

By Order dated August 13, 2004, this Court stayed proceedings in this consolidated case relative to five (5) pro se plaintiffs, of whom plaintiff Brown is one, pending the resolution of criminal charges which had been filed against them. In October, 2011, a jury apparently convicted plaintiff Brown in connection with the pending criminal charges.

A Court is authorized to stay a civil proceeding during the pendency of parallel criminal proceedings. See United States v. Little Al, 712 F.2d 133 (5th Cir. 1983). The courts have outlined several factors that should be considered in determining whether "special circumstances" warrant such a stay, including but not limited to (1) the extent to which the issues in the criminal case overlap with those presented in the civil case, (2) the status of the criminal case, including whether the party has been indicted, (3) the private interests of the parties in proceeding expeditiously, weighed against the potential prejudice and burden caused by delay, (4) the interests of the Court, and (5) the interests of the public. See, e.g., Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F.Supp. 1134 (S.D. N.Y. 1995). As a general proposition, most courts have concluded that even when a stay is appropriate, it should terminate upon sentencing or acquittal in the criminal case, notwithstanding that appellate proceedings may still be continuing. See Heller v. Healthcare Finance, Inc. v. Boyes, 2002 WL 1558337 (N.D. Tex., July

15, 2002) (holding that imposition of a stay lasting through appeal would likely be unduly burdensome to the plaintiff's interest). See also Librado v. M.S. Carriers, Inc., 2002 WL 31495988 (N.D. Tex., Nov. 5, 2002) (limiting duration of stay until sentencing or acquittal in connection with the criminal proceedings); Frierson v. City of Terrell, 2003 WL 21355969 (N.D. Tex., June 6, 2003) (same).

Based upon the foregoing, the Court finds that the plaintiff's motion should be granted, lifting the stay entered in these proceedings relative to his claims and reinstating Civil Action No. 01-0006-JJB-DLD on the Docket of the Court. Although the plaintiff's criminal appeal proceedings in state court may not be final, he has a substantial interest in moving forward with his claims, and he will be required to respond openly to discovery or face potential sanctions upon his failure to do so. Further, inasmuch as the claims of at least two of the remaining pro se plaintiffs continue to be stayed at this time, it is also appropriate that the plaintiff's individual claims be severed from the above-captioned consolidated proceeding and that plaintiff David Brown be allowed to proceed with his separate litigation. Accordingly,

**IT IS ORDERED** that the Motion of plaintiff David Brown in Civil Action No. 01-0006-JJB-DLD, to lift the stay entered in this consolidated litigation as to him, be and it is hereby **GRANTED**, that Civil Action No. 01-0006-JJB-DLD be reinstated on the Docket of the Court, and that the plaintiff's individual claims be severed from this consolidated proceeding.

Baton Rouge, Louisiana, this 29th day of February, 2012.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE