UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID BROWN                                                      CIVIL ACTION

VERSUS

RICHARD STALDER, ET AL.                            NO. 01-0006-JJB-RLB

**O R D E R**

This matter comes before the Court on the plaintiff's Motion to Limit Deposition Exam (R. Doc. 28), pursuant to which he seeks "an order limiting the deposition of plaintiff to certain matters." The defendants have filed an opposition (R. Doc. 29), and the plaintiff has filed a response thereto (R. Doc. 30).

This matter arises out of an incident that occurred on December 28, 1999, at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, during which hostages were taken, a security officer was killed, and two inmates were shot, one of whom died as a result of his injuries. The plaintiff in the above-captioned proceeding, David Brown, was convicted in 2011 of first degree murder for his role in the events of that evening. Named defendants are supervisory officials and security officers at LSP who, the plaintiff alleges, violated the plaintiff's constitutional rights when they, *inter alia*, utilized excessive and unreasonable force in response to and after the uprising.

The matter was stayed pending the conclusion of the plaintiff's criminal trial. Upon the plaintiff's conviction, and at his request, the stay has been lifted. After the long stay of proceedings, it is now appropriate that the parties undertake discovery and that a deadline be imposed by the Court for the completion of such discovery.

The plaintiff's instant motion seeks to limit the scope of inquiry during his anticipated

deposition to events occurring after the referenced uprising was brought under control, arguing that the claims asserted in this proceeding, and specifically his claim of excessive force, relate solely to events occurring *after* the plaintiff was apprehended and placed in restraints, when there was allegedly no further need for any use of force against him.  The basis for the plaintiff's objection in this regard stems apparently from his wish to avoid the possibility of self-incrimination resulting from probing questions into his role in the events of the uprising and any adverse impact that his responses might have upon his pending criminal appeal proceedings.  The defendants respond to the plaintiff's assertions by pointing out that the scope of discovery provided by the Federal Rules of Civil Procedure is traditionally very broad, extending to an inquiry into any and all matters, not privileged, that are relevant to the issues in the case and/or that might reasonably be calculated to lead to the discovery of admissible evidence.  The defendants further point out that the plaintiff has already had the substantial benefit of an extremely long stay of proceedings relative to his claims and that it is now time for the plaintiff to respond fully to questioning in connection therewith.  Finally, the defendants contend that inasmuch as the plaintiff has included a claim herein of injuries allegedly incurred as a result of excessive force at the hands of the defendants, the defendants are entitled to inquire into events occurring during the uprising itself, specifically because the uprising involved violent conduct that, the defendants contend, may have been the cause of any injuries sustained by the plaintiff.[1]

    The Court is persuaded by the defendants' arguments.  "Under the federal discovery rules, any party to a civil action is entitled to all information relevant to the subject matter of the action before the court unless such information is privileged.  Discovery requests are relevant when they

---

1. The plaintiff has not filed a motion seeking a protective order pursuant to Fed. R. Civ. P. 26(c)(1).  However, in opposing the defendants' motion, the plaintiff has effectively requested such relief.  The Court declines to grant the plaintiff's request in this regard.

seek admissible evidence or evidence that is reasonably calculated to lead to the discovery of admissible evidence." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004) (internal quotation marks omitted). Whereas the plaintiff does not lose his Fifth Amendment privilege against self-incrimination by bringing a civil action, and whereas he also has a due process right to a judicial determination of the merits of his civil claim, *see Wehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1087-88 (5th Cir. 1980), the plaintiff's rights are not the only rights that must be respected in this context. The defendants are also entitled to a resolution of the claims brought against them, and they "should not be required to defend against a party who refuses to reveal the very information which might absolve defendant[s] of all liability. 'While it may be true that an individual should suffer no penalty for the assertion of a constitutional right, neither should third parties sued by that individual who have no apparent interest in the criminal prosecution, be placed at a disadvantage thereby.'" *Id.* at 1088. Stated another way, a "civil plaintiff has no absolute right to both his silence and his lawsuit:"

> [I]t would be unfair to permit [the plaintiff] to proceed with his lawsuit and, at the same time, deprive [the defendants] of information needed to prepare [their] defense. The plaintiff who retreats under the cloak of the Fifth Amendment cannot hope to gain an unequal advantage against the party he has chosen to sue. To hold otherwise would, in terms of the customary metaphor, enable plaintiff to use his Fifth Amendment shield as a sword. This he cannot do.

*Id.* at 1087. When faced with the competing interests of the parties in this context, this Court is instructed to utilize a balancing test, measuring "the relative weights of the parties' competing interests with a view toward accommodating those interests, if possible .... ensur[ing] that the rights of both parties are taken into consideration before the court decides whose rights predominate." *Id.*

Undertaking the referenced balancing test, the Court finds that the defendants' interests predominate at this juncture in the proceedings. The Court has already gone to great lengths to protect the plaintiff's interests, staying the course of these proceedings for more than ten (10) years

pending the conclusion of the plaintiff's criminal trial. It is now time for the plaintiff to either proceed with his civil claims arising from the events of December 28, 1999, or face appropriate sanctions if he chooses to instead invoke his Fifth Amendment right to refuse to respond to questioning that might incriminate him. The Court defers consideration of the form that any appropriate sanctions might take, pending the occurrence of the plaintiff's deposition and pending the plaintiff's potential exercise of his Fifth Amendment rights. Such sanctions, however, could include a dismissal of any of plaintiff's claims to which the discovery sought is relevant. *See Johnson v. United Parcel Services, Inc.*, 127 F.R.D. 464, 466 (D. Md. 1989) (finding that, "to avoid injustice, there must be a complete limitation placed on the plaintiff's right to recover damages for those elements of his claims as to which the discovery sought is relevant and, without which, the defendant might be unable to mount an effective defense").

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Limit Deposition Exam (R. Doc. 28) be and it is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall complete all discovery in this proceeding within one hundred and twenty (120) days of the date of this Order.

**IT IS FURTHER ORDERED** that the parties shall file cross-motions for summary judgment herein within one hundred and eighty (180) days of the date of this Order.

Signed in Baton Rouge, Louisiana, on March 18, 2015.

                                            **RICHARD L. BOURGEOIS, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**