# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DAVID BROWN**                                                        **CIVIL ACTION**

**VERSUS**

**RICHARD STALDER, ET AL.**                                    **NO. 01-0006-JJB-RLB**

## O R D E R

This matter comes before the Court on the plaintiff's Motion to Stay (R. Doc. 36), pursuant to which he seeks a stay of proceedings in the above-captioned civil case in light of a state court ruling in his pending criminal case that he is entitled to a new sentencing hearing to determine whether the death penalty will be imposed. This Motion is opposed.

This matter arises out of an incident that occurred on December 28, 1999, at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, during which hostages were taken, a security officer was killed, and two inmates were shot, one of whom died as a result of his injuries. The plaintiff in the above-captioned proceeding, David Brown, was convicted in 2011 of first degree murder for his role in the events of that evening and was sentenced to death. Named defendants are supervisory officials and security officers at LSP who, the plaintiff alleges, violated the plaintiff's constitutional rights when, *inter alia*, they utilized excessive and unreasonable force in response to and after the uprising.

This matter was stayed pending the conclusion of the plaintiff's criminal trial. Upon the plaintiff's conviction, and at his request, the stay was thereafter lifted. In addition, the Court has authorized the parties to engage in discovery and, to this end, the defendants have apparently

scheduled the plaintiff's deposition to be conducted on June 10, 2015.[1] Because of the temporal proximity of that date, the plaintiff has requested an expedited consideration of the instant Motion to Stay.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). It is well recognized that a district court "may stay a civil proceeding during the pendency of a parallel criminal proceeding," and the determination to do so lies within the sound discretion of the trial court. *Securities and Exchange Commission v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981), *citing United States v. Kordel*, 397 U.S. 1, 11-13 (1970). In appropriate circumstances, when "the interests of justice seem[] to require such action," a court may exercise its discretion to stay a civil proceeding, postpone discovery, or impose protective orders or conditions. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). A district court should employ a balancing test in determining whether a stay is appropriate, and the determination should be made on a case-by-case basis. Factors that may be considered include (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the

---

1. The Court notes that the defendants have not complied with Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, which Rule provides that, in scheduling a deposition, "[a] party must obtain leave of court ... if the deponent is confined in prison." Whereas the Court has authorized the parties to engage in discovery by way of depositions in this case and has also denied a motion filed by the plaintiff that sought to limit the scope of inquiry in connection with his deposition, the Court's Orders in that regard did not dispense with the requirements of Rule 30.

delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *See Alcala v. Texas Webb County*, 625 F.Supp.2d 391, 398 (S.D. Tex. 2009). A stay of proceedings may be appropriate "when there is a real and appreciable risk of self-incrimination," and a district court may abuse its discretion by failing to stay discovery under certain circumstances. *See Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir. 1980) (overturning a district court's denial of a stay requested by the plaintiff); *Brumfield v. Shelton*, 727 F.Supp. 282, 284 (E.D. La. 1989) (granting a motion to stay); *Waste Management of Louisiana, LLC v. River Birch, Inc.,* 2012 WL 520660, (E.D. La. Feb. 15, 2012) (same).

In the instant case, as noted above, the Court earlier undertook an analysis of the enumerated factors and concluded that a stay of proceedings was appropriate in light of the overlap of the issues in the civil and criminal cases and in light of the seriousness of the risk faced by the plaintiff(s). *See* R. Doc. 183 in Civil Action No. 00-0940-RET-RLB. For the same reasons, the Court finds that protective measures are again appropriate in this case. The plaintiff faces a true life or death situation because his new sentencing hearing will determine whether he will be subjected to the death penalty for his role in the uprising of December 28, 1999. In addition, as he points out in his motion, this determination will hinge in large part upon an evaluation of the events of that date, and the "central question" for the fact-finder will be the plaintiff's "role in the actual murder of the prison guard." Further, the defendants in the civil case have signified that they have every intention of exploring, during the plaintiff's deposition and discovery, the same exact events. As stated by counsel for the defendants at a hearing conducted before the Court in May, 2004, "it is certainly appropriate for us to ask these inmates about what happened that day ... both before, during and after," and "my intent was, and my intent is to ask them questions about everything that they might have done during the incident ...

[and] after the incident." *See* R. Doc. 164 in Civil Action No. 00-0940-RET-RLB. Finally, the

plaintiff has signified that, if he is deposed, he intends to "assert his privilege against self-

incrimination," and the Fifth Circuit has advised that a person should not be subjected to

punishment or sanctions for the appropriate assertion of such privilege. *See Wehling v.*

*Columbia Broadcasting System, supra*, 608 F.2d 1084, 1087-88. Finally, the Court notes that the

plaintiff represents that the defendants have also propounded written discovery requests that

"directly address his criminal case" and so also implicate his Fifth Amendment privilege against

self-incrimination. Whereas the Court does not have this written discovery before it for review,

the defendants have not refuted the plaintiff's assertions in this regard.

Based on the foregoing, the Court will quash the scheduled deposition of the plaintiff and

will grant a stay of the proceedings in this civil case pending the conclusion of the plaintiff's

sentencing hearing in his parallel criminal case. Accordingly,

**IT IS ORDERED** that the plaintiff's request for expedited consideration of the instant

Motion be and it is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Stay (R. Doc. 36) be and it

is hereby **GRANTED,** such that the plaintiff's deposition scheduled for June 10, 2015, be and it

is hereby **QUASHED**, and the proceedings in this case be and they are stayed until the

conclusion of the plaintiff's sentencing hearing in his criminal case.

Signed in Baton Rouge, Louisiana, on June 5, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE