UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAVID BROWN**                                                                                                                           **CIVIL ACTION**

**VERSUS**                                                                                                                           **NO. 01-06-SDD-RLB**

**RICHARD STALDER, et al.**

### ORDER

      Before the Court is Plaintiff's Motion to Stay Discovery (R. Doc. 59). No opposition has been filed. Accordingly, the Motion is deemed unopposed.

      On December 28, 1999, Plaintiff, David Brown, and several other inmates, attempted to escape their confinement at Louisiana State Penitentiary (Angola). *State v. Brown*, 347 So.3d 745, 762 (La. 2022). Hostages were taken, inmates were shot, and two people lost their lives—one inmate, Joel Durham, and a prison guard, Captain David Knapps. *Brown*, 347 So.3d at 762.

      When guards eventually regained control, Plaintiff alleges they placed him in flex cuffs and then severely beat him with metal rods on the night of December 28, 1999. (R. Doc. 1 at 5). According to Plaintiff, he was then denied medical care, "treated with cruelty," abused, and held in solitary confinement in the aftermath of the attempted escape. (R. Doc. 1 at 6). Later, Plaintiff claims that guards actively "prevented [him] from preparing a defense to the criminal charges" he would eventually face in connection with Captain Knapps' death. (R. Doc. 1 at 6) (guards allegedly prevented Plaintiff from contacting his lawyer, intimidated witnesses, and "coerced false statements out of some").

On January 2, 2001, Plaintiff filed this § 1983 action against the warden and guards at Angola[1] alleging their conduct on December 28, 1999, and immediately after the attempted escape, violated his constitutional rights. (R. Doc. 1) (Complaint); (R. Doc. 6) (Court-ordered amendment regarding status of pending criminal charges).

In 2004, while this litigation remained pending, Plaintiff and four other inmates were charged with first-degree murder for the death of Captain David Knapps. Because Plaintiff's civil and criminal cases were "inextricably intertwined," his risk of self-incrimination was substantial. *Mathis v. Cain*, No. 00-cv-940, (M.D. La. July 22, 2004), ECF No. 164 at 10. Given this, and "the gravity of the [charged] capital offense[,]" the Court found Plaintiff "faced a clear danger of monumental importance," warranting a stay throughout the criminal proceeding. *Id.* at ECF Nos. 163, 164.

Eventually, a jury convicted Plaintiff in 2011 and imposed the death penalty. *Brown*, 347 So.3d at 778, 786. Following this conviction, and at Plaintiff's request, the Court lifted its stay. (R. Doc. 12).

The parties engaged in civil discovery for roughly 3 years. But in 2015, Plaintiff was granted a new criminal trial on the penalty phase. (R. Docs. 12, 36). This decision was appealed. At that time, this litigation was again stayed; and it has remained stayed while Mr. Brown's criminal case proceeded on appeal. (R. Doc. 53). Mr. Brown's direct appeal of his conviction and sentence finally concluded in 2023 when the United States Supreme Court denied his petition for a writ of certiorari. *See Brown v. Louisiana*, 143 S. Ct. 886 (2023). His death penalty sentence remains in place.

---

[1] Plaintiff also named then-Secretary of the Louisiana Department of Public Safety and Corrections, Richard Stalder, as a Defendant. (R. Doc. 1 at 3). Plaintiff sued Stalder in both his individual and official capacities for constitutional violations made actionable by 42 U.S.C. § 1983. (R. Doc. 1 at 3).

Despite the end of his direct appeal, Mr. Brown moves the Court to continue its stay, as he now seeks post-conviction relief in state court. (R. Doc. 59). Specifically, Mr. Brown filed an application for post-conviction relief in April of 2023, which remains pending in the 20th Judicial District Court. (R. Doc. 59 at 1); (R. Doc. 47-3).

Following Plaintiff's Motion to Stay (R. Doc. 59), the Court entered a briefing schedule requiring that any "Opposition . . . be filed within 21 days . . ." of March 31, 2025. (R. Doc. 60). Defendants, however, have not filed any opposition or otherwise responded to the Motion (R. Doc. 59). The Court therefore considers the Motion unopposed. For the reasons given below, the Court finds good cause to continue the stay already in place.

"A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require." *Villani v. Devol*, 2016 WL 1383498, at *2 (M.D. La. Apr. 7, 2016); *see also Estes-El v. Long Island Jewish Medical Center*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings."). Whether to grant a stay should be determined on a case-by-case basis, giving consideration to several factors—e.g., the degree of overlap between the civil and criminal cases, the status of the criminal case, the private interests of both parties, the interests of the court, and the public's interest. *See Alcala v. Texas Webb County*, 625 F. Supp. 2d 391, 398-99 (S.D. Tex. 2009).

This Court has already analyzed these factors when imposing the current stay of this litigation, emphasizing the "overlap of the issues in the civil and criminal cases" and the "seriousness of the risk" to Plaintiff should this case proceed.[2] (R. Doc. 38 at 3) (granting current

---

[2] For efficiency, the Court does not repeat its full analysis of those same factors, but instead refers to its prior Order (R. Doc. 38) granting Plaintiff's earlier Motion to Stay (R. Doc. 36).

stay pending direct appeal of conviction and sentence). Indeed, we recognized that Plaintiff "faces a true life or death situation" given the initial jury's imposition of the death penalty, which he continues to challenge in state court. (R. Doc. 38 at 3).

The pending criminal proceeding is now an application for post-conviction relief as opposed to a direct appeal. While this is a change in circumstances that may warrant lifting the stay, the Court recognizes that Plaintiff still "faces a true life or death situation." (R. Doc. 38 at 3). In addition, neither party is arguing that the stay of this civil proceeding should be lifted. In addition, nothing prevents Defendants or even Plaintiff from moving to lift the stay in the future if a change in circumstances makes this appropriate. *See Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.*, 2012 WL 520660, at *6 (E.D. La. Feb. 15, 2012).

For the aforementioned reasons, and for the reasons already outlined in the Court's prior Order (R. Doc. 38 at 3-4),

**IT IS ORDERED** that Plaintiff's Motion to Stay (R. Doc. 59) is **GRANTED** and the stay previously entered in this civil litigation (R. Doc. 38) continues pending resolution of Plaintiff's state-court application for post-conviction relief or unless otherwise ordered by the Court. Once Plaintiff's state-court application for post-conviction relief has been resolved, the parties are **ORDERED** to file a motion to lift the stay within **30 days**.

In the meantime, the parties are **ORDERED** to file a Status Report twice a year (**December 1st and June 1st**) updating the Court on the status of Plaintiff's pending application for post-conviction relief in state court.

Finally, the Court's January 29, 2025 Order directed Defendants to respond to Plaintiff's settlement offer "within an appropriate amount of time." (R. Doc. 58 at 2). According to

Plaintiff's March 31, 2025 Motion: "As of the filling [sic] of th[e] motion, Defendants ha[d] not responded to Plaintiff's previous offer to settle." (R. Doc. 59-1 at 5).

Given this representation, the Court **ORDERS** Defendants to respond to Plaintiff's settlement offer within 30 days. Again, if Plaintiff's offer is not accepted, Defendants response should include some counteroffer and/or explanation as to why settlement is appropriate on Defendants' proposed terms.

Signed in Baton Rouge, Louisiana, on July 17, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**